IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN DAVID TEMPLE, *et al.*,  )
)
Plaintiffs,  )
)
v.  )  Case No.: 21-2399-EFM-KGG
)
PEJMAN GHADIMI, *et al.*,  )
)
Defendants.  )
_____)

# SHOW CAUSE ORDER

Plaintiffs bring this federal court action alleging claims for fraud, defamation, tortious interference with business relationships, and violations of the Kansas Consumer Protection Act. (*See generally* Doc. 1.) In their Complaint, Plaintiffs allege diversity citizenship exists. They allege individual Plaintiff is a citizen of Kansas and Watch Overkill, LLC is "organized under the laws of Kansas." (*Id.*, at ¶¶ 4, 6, 7.) They further allege that individual Defendant Ghadimi is a resident of Florida while Secret Consulting Florida, LLC is organized under the laws of Florida. (*Id.*, at ¶¶ 8, 9.)

The Complaint alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity). (*Id.*, at 2.) In this instance, however, the Complaint fails to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists.

1

To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity. For instance, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members. **Siloam Springs Hotel, LLC v. Century Sur. Co.**, 781 F.3d 1233, 1234 (10th Cir. 2015).

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ." **Henderson ex rel. Henderson v. Shinseki**, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted). If it becomes apparent that jurisdiction does not exist, the court, on its own, "must dismiss the cause at any stage of the proceedings … ." **Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.**, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." ***Grynberg v. Kinder Morgan Energy Partners, L.P.***, 805 F.3d 901, 905 (10th Cir. 2015). Simply stated, diversity is absent when citizens of the same state are on both sides of the case.

As stated above, the Complaint alleges the individual Plaintiff is a citizen of Kansas and Watch Overkill, LLC is "organized under the laws of Kansas." (Doc. 1, at ¶¶ 4, 6, 7.) Plaintiffs further allege that individual Defendant

3

Ghadimi is a resident of Florida while Secret Consulting Florida, LLC is organized under the laws of Florida. (Id., at ¶¶ 8, 9.)

In this instant case, Plaintiff has failed to indicate the citizenship of each member of Watch Overkill, LLC and Secret Consulting Florida, LLC. ***Siloam Springs Hotel, LLC v. Century Sur. Co.***, 781 F.3d 1233, 1234 (10th Cir. 2015). Thus, in this instant case, the Court cannot determine the validity of the claimed diversity.

**IT IS THEREFORE ORDERED** that by October 29, 2021, Plaintiffs shall file a status report, with affidavits attached, properly alleging and demonstrating the domicile of both Watch Overkill, LLC and Secret Consulting Florida, LLC showing cause why the undersigned Magistrate Judge should not recommend that the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 29th day of September, 2021, at Wichita, Kansas.

/S Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE